[No. 3913.    Decided June 20, 1901.]

T. J. HOWLEY, *Respondent*, v. M. R. MADDOCKS, *Appellant*.

BROKERS—ACTION FOR COMMISSIONS ON SALE OF REAL ESTATE— EVIDENCE — SUBSEQUENT IMPROVEMENTS.

In an action to recover a commission agreed upon between plaintiff and defendant for the sale of the latter's farm, which defendant refused to sell upon the production of a purchaser ready and willing to pay the price, evidence that defendant had improved the farm and altered its condition is inadmissible for the purpose of showing that any price previously fixed thereon was thereby necessarily changed, when the plaintiff had no knowledge of the altered   conditions.

Appeal from Superior Court, King County.—Hon. ROGER S. GREENE, Judge *pro tem.*   Affirmed.

*Ballinger, Ronald & Battle,* for appellant:

Counsel cited *Lipe v. Ludewick,* 14 Ill. App. 372, upon the point that the court erred in refusing to permit the defendant to show that he had improved his place and altered its condition, so that any price he may have previously fixed thereon would not be considered as the selling price of the property.

*Henry B. Madison* and *Root, Palmer & Brown,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action by the respondent against the appellant to recover the sum of $500 for the alleged sale of a certain farm in King county. The complaint alleges that the plaintiff and defendant entered into an agreement whereby the plaintiff agreed to use his best efforts to secure a purchaser for a forty acre farm, with the livestock, etc., belonging to defendant, at the net price of $6,500, and that the plaintiff was to have whatever amount the farm was sold for over and above the $6,500; alleging the sale of the property to one McKnight for $7,000, and the refusal of defendant to pay to plaintiff $500. The answer was a denial of all the allegations of the complaint, excepting that of the refusal to pay the said $500. The case was tried before the Hon. Roger S. Greene, judge *pro tempore,* without the aid of a jury; and the judge found that the defendant had requested and authorized the plaintiff to secure a purchaser for the said farm, and agreed to pay said plaintiff, as commission, any sum or amount which he might obtain for said property over and above the sum of $6,500; that, pursuant to said authority, the plaintiff did secure a purchaser, which purchaser was able, ready, and willing to pay the

sum of $7,000 in cash for said property; that upon securing said purchaser the plaintiff immediately notified defendant thereof, and at the earliest opportunity brought the purchaser to defendant, who then and there refused to sell said property to said purchaser; that the failure to consummate the sale was owing entirely to the refusal of the defendant to sell said property; and that demand had been made. As a conclusion of law, the judge found that the defendant was indebted to plaintiff in the sum of $500, and entered judgment for the same, and for costs and disbursements.

It was the contention of the appellant upon the trial that he had not authorized the respondent to sell this particular tract of land, which was known as "The Maples," but that he had authorized him at one time to sell two tracts of land which he had, including "The Maples," for $10,000, and that that was the only transaction he had had with him in regard to the sale of the lands. The testimony is brief, but is exceedingly conflicting in many essential particulars. It would serve no good purpose to review it in detail, but it is sufficient to say that, from an examination of all the testimony, we do not think we would be warranted in disturbing the conclusion reached by the judge who tried the cause. There is one legal error assigned, viz., that the court erred in refusing to permit the defendant to show that, subsequent to the time the alleged contract had been made, the defendant had improved said place and altered its condition, so that any price he may previously have fixed thereon would necessarily have been changed. If under any circumstances the court would have been justified in admitting testimony of this kind for the purpose of changing the contractual relations existing between the parties, it certainly was not admissible under conditions as shown by the record in this

case; for when the question was offered the court asked if the changes had been made within the knowledge of the respondent, and it was admitted that that fact could not be shown.

No error having been shown, the judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT and HADLEY, JJ., concur.